UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00587-FDW-DCK

| | |
|---|---|
| DONALD SHANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JEH CHARLES JOHNSON, SECRETARY, U.S. ) | |
| DEPARTMENT OF HOMELAND SECURITY; ) | |
| MARK HAUGHT, FSD – TSA/DHS; and KURT ) | |
| JORDAN, DFSD – TSA/DHS, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss, or in the alternative, For Summary Judgment (Doc. No. 20). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this Court issued Plaintiff, who appears pro se, a notice informing him of his right to respond and the burden he carries in doing so. (Doc. No. 23). Plaintiff responded (Doc. No. 24), and Defendants replied (Doc. No. 29). For the reasons below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

I. **BACKGROUND**

Plaintiff is an employee of the Transportation Security Administration ("TSA") at Charlotte Douglas International Airport ("CLT").[1] He allege his employer Defendant Jeh Johnson, Secretary Department of Homeland Security ("DHS"), as well as Defendants Mark Haught and Kurt Jordan, two individuals employed by TSA, discriminated against him in violation of Title VII

---

[1] The background is based on allegations in Plaintiff's Complaint (Doc. No. 1). In light of the procedural posture of this case and the grounds asserted in the motion to dismiss, the allegations are taken in the light most favorable to Plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (noting that when acting under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.").

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a(a) *et seq.*, by not selecting him for two positions for which he applied. Plaintiff also alleges a claim for hostile work environment based on gender and age. Defendants have moved to dismiss all claims against them, or in the alternative, for summary judgment.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Tomboy, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff when ruling on a 12(b)(6) motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A plaintiff alleging employment discrimination need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), but '[f]actual allegations must be enough to raise a right of relief above the speculative level.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

## III. ANALYSIS

A. Claims against the Individual Defendants Mark Haught and Kurt Jordan

Defendants Haught and Jordan argue they, as individuals, are not appropriate defendants in this action and seek dismissal of Plaintiff's claims against them accordingly. "In this circuit, individuals making personnel decisions of a plainly delegable character are not personally liable under the ADEA." Stephens v. Kay Mgmt. Co., 907 F. Supp. 169, 171 (E.D. Va. 1995) (citing Birkbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir.), cert. denied, 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994)). "Likewise, several district courts in this circuit have applied the reasoning in Birkbeck to Title VII to justify dismissal of individual defendants on the ground that supervisory personnel cannot be held individually liable under Title VII for the dismissal of an employee." Stephens, 907 F. Supp. at 172 (citing Lane v. David P. Jacobson & Co., Ltd., 880 F.Supp. 1091, 1095–96 (E.D.Va. 1995) ("Although the holding of the Fourth Circuit was not founded on the Title VII language, the clear implication of the decision in Birkbeck was that the Fourth Circuit does not support individual liability for agents of employers under Title VII.") (collecting other cases)). Plaintiff has not indicated any reason under applicable law or the facts here why his claims against the individual Defendants should proceed. Accordingly, that portion of the motion to dismiss Defendants Haught and Jordan is granted, and the Court dismisses Plaintiff's claims against them.

B.  Claims against DHS

The gravamen of the remainder of Defendant's Motion to Dismiss centers on potential timeliness issues, as well as factual issues that are more appropriately resolved following discovery and at summary judgment. For example, the issue of Plaintiff's potential withdrawal from consideration for one of the positions at issue, as well as the allegations of comments purporting to create a hostile work environment, require fact specific inquiry outside the bounds of Plaintiff's complaint here. The Court has reviewed Plaintiff's detailed allegations against DHS and finds the

claims asserted against DHS in his complaint to be plausible. Accordingly, the remainder of Defendant's Motion to Dismiss relating to claims against DHS is DENIED WITHOUT PREJUDICE for DHS to reassert those arguments, if applicable, following discovery. The Court declines to consider the alternative summary judgment arguments and denies that portion of DHS's motion without prejudice to reassert those contentions at the appropriate time.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Or, In the Alternative, For Summary Judgment (Doc. No. 20) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE to DHS's ability to reassert its arguments at summary judgment. Plaintiff's claims against Defendants Mark Haught and Kurt Jordan are DISMISSED.

The Clerk is respectfully directed to send Plaintiff the appropriate forms concerning the Pro Se Settlement Assistance Program ("PSAP"). If Plaintiff chooses to not opt in to PSAP, the parties should promptly confer pursuant to Federal Rule of Civil Procedure 26 and submit their Certificate of Initial Attorney Conference Form so that a scheduling order may issue.

IT IS SO ORDERED.

Signed: September 13, 2017

Frank D. Whitney
Chief United States District Judge